PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York 10036
(212) 969-3803

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TRUSTEES of the MASON TENDERS            :
DISTRICT COUNCIL WELFARE FUND,           :
PENSION FUND, ANNUITY FUND and           :         08 Civ. 4333 (VM)
TRAINING PROGRAM FUND,                   :
                                         :
                         Plaintiffs,     :
                                         :
        - against -                      :         **COMPLAINT**
                                         :
FIRST CHOICE CONSTRUCTION SERVICES, INC.,:
                                         :
                         Defendant.      :
------------------------------------------------------------------------X

Plaintiffs, the Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (collectively, the "Funds"), by and through their attorneys, Proskauer Rose LLP, as and for their Complaint, respectfully allege as follows:

NATURE OF THE ACTION AND JURISDICTION

1.   This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA"), and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by the Trustees of the Funds for injunctive and other equitable relief and for breach of contract. This Complaint alleges that by failing, refusing or neglecting to comply with specific statutory and contractual obligations, defendant violated its collective bargaining agreement, the respective trust agreements of the Funds (the "Trusts"), the Taft-Hartley Act and/or ERISA.

2. Jurisdiction of this Court is invoked under the following statutes:

(a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));

(b) Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

(c) 28 U.S.C. § 1331 (federal question);

(d) 28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

(e) principles of pendent jurisdiction.

3. Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) and section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

## PARTIES

4. Plaintiffs Trustees are the trustees of jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)). The Funds are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3) and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the Mason Tenders District Council of Greater New York (the "Union"). The Mason Tenders District Council Welfare Fund, as the authorized agent, also collects and remits the required monetary contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYSLECET"), the Greater New York Laborers-Employers Cooperation and Education Trust Fund ("GNYLECET"), the New York State Laborers Health and Safety Trust Fund ("NYSLHST") and the Industry Advancement Fund ("IAF"), and the dues checkoffs and Political Action Committee ("PAC") contributions due to the Union. The Funds maintain their offices and are administered at 520 8th Avenue, New York, New York 10018, in the City, County and State of New York.

5.    The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and bring this action in their fiduciary capacity.

6.    Defendant First Choice Construction Services, Inc. ("First Choice") has been a for-profit domestic corporation doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7.    Defendant First Choice was a member of non-party Environmental Contractors Association, Inc. (the "ECA"), the bargaining agent for its members for purposes of collective bargaining with the Union.

8.    The ECA executed a collective bargaining agreement with the Union covering the period December 1, 2003 through November 30, 2007 (the "Agreement"), with respect to which plaintiffs Funds are third-party beneficiaries.

9.    As a member of the ECA, defendant First Choice agreed to comply with and to be bound by all of the provisions of the Agreement.

## THE AGREEMENT AND TRUSTS

10.    Pursuant to the terms of the Agreement and the Trusts, defendant First Choice was required, *inter alia*, to:

(a)    pay monetary contributions to the Funds and to the authorized agent of the NYSLECET, GNYLECET, NYSHST and IAF (the "fringe benefit contributions"), at the rates and times set forth in the Agreement, for all work performed by defendant's employees within the trade and geographic jurisdictions of the Union;

(b)    submit contribution reports to the Funds;

(c)    in the event defendant fails to timely pay fringe benefit contributions, defendant is obligated to pay interest from the date such delinquent contributions were due until the date of payment, and to pay all costs and attorneys' fees incurred by the Funds in the recovery thereof;

(d)    deduct and remit Union dues checkoffs and PAC contributions (at the rates per hour specified by the Union), from the wages paid to employees who

authorize said deductions in writing, for all work performed by defendant's employees within the trade and geographic jurisdictions of the Union;

(e) permit and cooperate with the Funds and/or their designated representatives in the conduct of audits of all books and records of defendant, including, without limitation, all payroll sheets, computer payroll printouts, daily time records, job location records, cash disbursement journals, State tax forms WRS-2, WT4A and 4B or NYS 45 (NY), and WR 30 (NJ), Federal tax forms W2, W3, 940, 941, 1096, 1099, 1120s/1120S and 1040 Schedule C, New York and New Jersey employment records and reports, insurance company reports, supporting checks, general ledgers, vouchers, verification of work outside the trade and/or geographic jurisdiction of the Union, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture, successor or other related company of defendant;

(f) pay the costs of the audits if defendant is substantially delinquent in the payment of fringe benefit contributions to the Funds. "Substantially delinquent" is defined as any delinquency in the payment of fringe benefit contributions in excess of 10% of the fringe benefit contributions paid to the Funds during the period covered by the audit; and

(g) in the event defendant fails to produce the books and records necessary for an audit, defendant is obligated to pay a penalty of $400.00 and, if the Funds bring an action to obtain an audit, defendant is obligated to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing such action.

REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

11. Pursuant to the terms of the Agreement, the Trusts and section 515 of ERISA (29 U.S.C. § 1145), employers are required to pay fringe benefit contributions to the Funds in accordance with the terms and conditions of the Agreement.

12. Failure to make such payment or timely payment constitutes a violation of the Agreement, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

13. The Agreement, the Trusts and section 502 of ERISA (29 U.S.C. § 1132) all provide that, upon a finding of an employer violation as set forth above, the Funds shall be awarded the unpaid fringe benefit contributions, plus interest and liquidated damages on the

unpaid and/or untimely paid fringe benefit contributions (both computed at the rate prescribed under section 6621 of Title 26 of the United States Code (26 U.S.C. § 6621)), together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

AS AND FOR A FIRST CLAIM FOR RELIEF
(CLAIM FOR FRINGE BENEFIT
CONTRIBUTIONS)

14.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15.     As a result of work performed pursuant to the Agreement by individual employees of defendant during the period January 1, 2005 through October 31, 2005, fringe benefit contributions in an amount no less than $134,876.25 (as determined from contribution reports submitted by defendant) became due and owing from defendant.

16.     Part of the aforesaid fringe benefit contributions contractually due has been recovered from the surety for defendant and the defendant's general contractor, although all fringe benefits contributions have been duly demanded from defendant.  A balance of $60,106.91 remains due and owing.

17.     Defendant's failure to make payment or timely payment constitutes a violation of the Agreement, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

18.     Accordingly, pursuant to the Agreement, the Trusts, and section 502 of ERISA (29 U.S.C. § 1132), defendant First Choice is liable to plaintiffs Funds for: (a) the balance of fringe benefit contributions in the amount of $60,106.91, plus such additional fringe benefit contributions found due and owing pursuant to an audit of defendant's books and records for the period January 1, 2005 through November 30, 2007; and (b) the interest and liquidated damages on the unpaid and untimely paid fringe benefit contributions, together with reasonable attorneys' fees and costs incurred by the Funds.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (CLAIM FOR INTEREST DUE
### FOR LATE PAYMENTS)

19. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20. Pursuant to the terms of the Agreement and the Trusts, as set forth in paragraph 10(c) above, in the event defendant fails to timely pay fringe benefit contributions, defendant is obligated to pay interest from the date such delinquent contributions were due until the date of payment, and to pay all costs and attorneys' fees incurred by the Funds in the recovery thereof.

21. As a result of defendant's failure to timely pay fringe benefit contributions due for work performed pursuant to the Agreement during the months of January 2005 through August 2005 and part of September 2005, interest in the amount of $3,806.63 became due and owing from defendant.

22. None of the aforesaid interest contractually due has been paid by defendant, although all interest has been duly demanded.

23. Defendant's failure to make payment constitutes a violation of the Agreement and the Trusts.

24. Accordingly, pursuant to the Agreement and the Trusts, defendant First Choice is liable to plaintiffs Funds for interest in the amount of $3,806.63 for late payments of fringe benefit contributions, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (CLAIM FOR DUES CHECKOFFS
### AND PAC CONTRIBUTIONS)

25. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26. As a result of work performed pursuant to the Agreement by individual employees of defendant during the period January 1, 2005 through October 31, 2005, dues checkoffs and PAC contributions in an amount no less than $22,085.00 (as determined from contribution reports submitted by defendant) became due and owing from defendant.

6

27. Part of the aforesaid dues checkoffs and PAC contributions contractually due has been recovered from the surety for defendant and the defendant's general contractor, although all unremitted dues checkoffs and PAC contributions have been duly demanded from defendant. A balance of $10,267.60 remains due and owing.

28. Defendant's failure to remit all such deductions constitutes a violation of the Agreement.

29. Accordingly, pursuant to the Agreement and section 301 of the Taft-Hartley Act (29 U.S.C. § 185), defendant First Choice is liable for: (a) the balance of dues checkoffs and PAC contributions in the amount of $10,267.60, plus such additional dues checkoffs and PAC contributions found due and owing pursuant to an audit of defendant's books and records for the period January 1, 2005 through November 30, 2007; and (b) interest on the unremitted dues checkoffs and PAC contributions.

AS AND FOR A FOURTH CLAIM FOR RELIEF
(DEMAND FOR AN ORDER DIRECTING
DEFENDANT TO PERMIT AN AUDIT
AND TO PAY THE COSTS THEREOF)

30. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31. Pursuant to the terms of the Agreement and the Trusts, as set forth in paragraphs 10(e) and (f) above, defendant is required to permit and cooperate with the Funds and/or their designated representatives in the conduct of audits of all of defendant's books and records, and to pay the costs thereof if such audits confirm that defendant is substantially delinquent in the payment of fringe benefit contributions for such periods.

32. Defendant has failed to cooperate and produce its books and records for an audit, despite due demand therefor.

33. As a result of defendant's aforesaid failure to make payment and its failure to cooperate and permit an audit, the Funds have reason to believe that additional fringe benefit contributions are due and owing.

34. Defendant's failure to cooperate and permit an audit constitutes a violation of the Agreement and the Trusts.

35. Accordingly, pursuant to the Agreement and the Trusts, plaintiffs demand an Order directing defendant First Choice to permit and cooperate in the conduct of an audit and produce all of its books and records for the period January 1, 2005 through November 30, 2007, and to pay the costs thereof if such audit confirms that defendant is substantially delinquent in the payment of fringe benefit contributions for such period.

### AS AND FOR A FIFTH CLAIM FOR RELIEF
(CLAIM FOR DAMAGES)

36. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37. Pursuant to the terms of the Agreement and the Trusts, as set forth in paragraph 10(g) above, defendant First Choice is obligated to pay a penalty and to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing this action if defendant fails to produce the books and records necessary for an audit.

38. Defendant has failed to cooperate and produce its books and records for an audit, although all such books and records have been duly demanded.

39. Defendant's failure to cooperate and produce its books and records for an audit constitutes a violation of the Agreement and the Trusts.

40. Accordingly, pursuant to the Agreement and the Trusts, defendant is liable to plaintiffs Funds in the amount of $400.00, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action.

WHEREFORE, plaintiffs Funds demand judgment against defendant First Choice:

    (a)    for payment of all past due fringe benefit contributions in the amount of $60,106.91, plus all additional fringe benefit contributions found due and owing pursuant to an audit of defendant's books and records for the period January 1, 2005 through November 30, 2007;

  (b) for accrued prejudgment interest in the amount of $3,806.63 due for late payments of fringe benefit contributions, plus the reasonable costs and attorneys' fees incurred by the Funds, pursuant to the Agreement and the Trusts;

  (c) for accrued prejudgment interest on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

  (d) for liquidated damages on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

  (e) for reasonable attorneys' fees and costs pursuant to § 502(g)(2) of ERISA;

  (f) for remittance of dues checkoffs and PAC contributions in the amount of $10,267.60, plus all additional dues checkoffs and PAC contributions found due and owing pursuant to an audit of defendant's books and records for the period January 1, 2005 through November 30, 2007, with interest;

  (g) for an Order requiring defendant to permit and cooperate in the conduct of an audit of all of its books and records for the period January 1, 2005 through November 30, 2007, and to pay the costs thereof if such audit confirms that defendant is substantially delinquent in the payment of fringe benefit contributions for such period;

  (h) for payment of $400.00 for failure to produce its books and records for an audit, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action, pursuant to the Agreement and the Trusts; and

  (i) for such other and further relief as the Court deems just and proper.

Dated: New York, New York
   May 7, 2008

         PROSKAUER ROSE LLP
         Attorneys for Plaintiffs

         By: /s/ Sally L. Schneider
          Sally L. Schneider
         1585 Broadway
         New York, New York 10036
         (212) 969-3803

         sschneider@proskauer.com