PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York 10036
(212) 969-3803

sschneider@proskauer.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

TRUSTEES of the MASON TENDERS                  :
DISTRICT COUNCIL WELFARE FUND,                 :
PENSION FUND, ANNUITY FUND and                 :     08 Civ. 4333 (VM)
TRAINING PROGRAM FUND,                         :
                                               :
                                Plaintiffs,    :     **AFFIDAVIT OF SALLY L.**
                                               :     **SCHNEIDER IN SUPPORT OF**
                  - against -                  :     **PLAINTIFFS' MOTION FOR**
                                               :     **JUDGMENT BY DEFAULT**
FIRST CHOICE CONSTRUCTION SERVICES, INC.,      :     **AGAINST DEFENDANT**
                                               :
                                Defendant.     :

---------------------------------------------------------------------X

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF YORK      )

  Sally L. Schneider, being duly sworn, deposes and says:

  1.  I am an attorney at law admitted to practice before this Court.

  2.  I am an associate in the law firm of Proskauer Rose LLP, attorneys for plaintiffs, and I am fully familiar with the facts of this case.

  3.  This affidavit is made in support of plaintiffs' motion for judgment by default against defendant First Choice Construction Services, Inc. ("First Choice"), and in support of plaintiffs' application for costs and attorneys' fees.

  4.  This action was commenced by the filing of a summons and complaint in this Court on May 8, 2008. True copies of the summons and complaint are attached hereto as Exhibit A.

5.      On May 13, 2008, Deborah LaPointe, a licensed process server who is over the age of 18 years and is not a party to this action, served true copies of the summons and complaint upon defendant First Choice by personal service on Donna Christie, an agent of the Secretary of State of the State of New York, and paid the statutory fee of $40.00, pursuant to section 306 of the Business Corporation Law of the State of New York.  Ms. LaPointe's Affidavit of Service was filed with the Court on May 19, 2008.  A true copy of Ms. LaPointe's Affidavit regarding service on defendant First Choice is attached hereto as Exhibit B.

6.      Defendant First Choice has failed to answer, appear or otherwise defend in this action within the time period permitted by law.

7.      The amounts shown in the Statement of Damages attached hereto as Exhibit C remain justly due and owing and no part thereof has been paid to plaintiffs.  The amount of costs set forth therein consist of the following items and amounts:

|   |   |   |
|---|---|---|
| a. | Filing fee paid to the Clerk of the Court for the Southern District of New York - | $350.00 |
| b. | Statutory fee paid to the New York Secretary of State in connection with service of the summons and complaint upon defendant First Choice (as reflected in Exhibit B, the LaPointe Affidavit) | $ 40.00 |
|   | Total: | $390.00 |

8.      Jurisdiction of this Court is premised upon sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended (29 U.S.C. §§ 1132 and 1145), and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. §185), and principles of pendent jurisdiction.

9.      As set forth in the accompanying Affidavit of David Bolger, sworn to on August 5, 2008 ("Bolger Aff."), and the Affidavit of Dominick Giammona, sworn to on July 31, 2008 ("Giammona Aff."), defendant First Choice is bound to a collective bargaining agreement (the "Agreement") with the Mason Tenders District Council of Greater New York ("Union"), with respect to which plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund ("Funds") are third-party beneficiaries.  A copy of the Agreement is attached as Exhibit A to the Bolger Aff.

2

10.    Pursuant to the Agreement and the Funds' trust agreements, this action seeks, *inter alia*:

a.    Recovery of fringe benefit contributions, together with interest, liquidated damages, reasonable attorneys' fees, costs and disbursements provided for by 29 U.S.C. § 1132 and the Agreement, and such other relief as this Court may deem just and appropriate; and

b.    Recovery of unremitted dues checkoffs and Political Action Committee ("PAC") contributions, and interest thereon pursuant to New York C.P.L.R § 5001, *et seq*.

11.    As set forth in the Giammona Aff. at ¶¶'s 16-19, the principal amount of fringe benefit contributions ($134,876.25) and dues checkoffs and PAC contributions ($22,085.00) claimed by plaintiffs, for work performed pursuant to the Agreement by defendant's employees during the period January 1, 2005 through October 31, 2005, was determined from contribution reports submitted by defendant First Choice for that period.

12.    As further set forth in the Giammona Aff. at ¶¶'s 24-26, partial payment of the above-stated principal amounts of fringe benefit contributions, dues checkoffs and PAC contributions was received from the surety for defendant and the defendant's general contractor, but balances of $60,106.91 for fringe benefit contributions and $10,267.60 for dues checkoffs and PAC contributions remain due and owing for which no payment has been received.

13.    The right to recover the unpaid principal amounts and all of the interest, liquidated damages, reasonable attorneys' fees, and court costs and disbursements arises pursuant to the terms of the Agreement, the Funds' trust agreements and 29 U.S.C. § 1132 (g)(2).

14.    This action also seeks an order directing defendant First Choice to permit and cooperate in the conduct of an audit of its books and records for the period January 1, 2005 through November 30, 2007, for the purpose of ascertaining the additional amounts, if any, of fringe benefit contributions, dues checkoffs and/or PAC contributions due and owing to plaintiffs.  As set forth in the Giammona Aff. at ¶ 27, the Funds have not been able to conduct an audit for this period because defendant First Choice has failed to permit access to its books and records.  The right to an audit arises pursuant to the terms of the Agreement.  *See* Exhibit A attached to the Bolger Aff., Article VIII, Section 12 (a), at pp. 15-16.

15.    Upon information and belief, there is no just reason for delay of entry of a judgment against defendant First Choice.

Attorneys' Fees

16.     Proskauer Rose LLP, a large New York law firm with over 700 attorneys, has, for many years, successfully represented its clients in numerous ERISA and employment-related cases. I was admitted to practice before this Court in 1984, and I have been prosecuting actions for the recovery of employee benefits on behalf of the plaintiffs for more than seventeen (17) years.

17.     During the course of this case, I acted as lead counsel with the assistance of managing clerks from the firm's Managing Attorney's Office who assisted with court filings.

18.     The firm bills the Mason Tenders Funds at blended rates for all attorney work. That rate was $375 per hour for all attorney work from October 1, 2005 through December 31, 2006. From January 1, 2007 to date, the rate is $395 per hour for all work performed by associates and $495 for all work performed by partners and senior counsel. Because a significant amount of time is expended in counseling the Funds by attorneys with billing rates well in excess of the blended rates, this results in a discount for the Funds when compared to the firm's usual rates. For the purposes of this application, plaintiffs seek an award at the following rates: at the rate of $375 per hour for work I performed in 2006 and at $395 per hour for the work I performed after January 1, 2007, as my time was and is typically billed above these blended rates. For services rendered by our managing clerks, the fee charged was $160.00 per hour.

19.     I expended 24.25 hours of work on this case, and the managing clerks expended 2.0 hours of work on this case. After adjusting the hourly rates in the manner described above, plaintiffs calculated the lodestar by multiplying the hourly billing rates sought by the adjusted number of hours for which plaintiffs seek reimbursement. Based on the aforementioned calculations, plaintiffs are seeking attorneys' fees in the amount of $9,758.75. All of the services provided are described in the contemporaneous time records annexed hereto as Exhibit D. Descriptions of the work performed are entered into Proskauer Rose LLP's computer system contemporaneously with the performance of the work and are maintained in the ordinary course of business by Proskauer Rose LLP.

20.     Each billing entry on the annexed time records was reviewed on a monthly basis before being submitted to plaintiffs to determine that the time charges were accurate, reasonable

and necessarily incurred in the prosecution of this action. Additionally, the billing entries were again reviewed in connection with this application and all appropriate redactions have been made.

21.    No prior request has been made for the relief sought herein.

22.    As set forth in the proposed Default Judgment attached hereto as Exhibit E, plaintiffs seek judgment against defendant First Choice computed as follows:

a.    $60,106.91 for the balance of delinquent fringe benefit contributions due for the unaudited period January 1, 2005 through October 31, 2005, plus all additional fringe benefit contributions found due and owing pursuant to an audit of defendant's books and records for the period January 1, 2005 through November 30, 2007;

b.    $16,178.51 for accrued prejudgment interest on all unpaid and untimely delinquent fringe benefit contributions, computed from the date such contributions were due until the present, at the rate prescribed by 29 U.S.C. § 1132(g)(2)(B);

c.    $16,178.51 for liquidated damages on the delinquent fringe benefit contributions, at the rate prescribed by 29 U.S.C. § 1132(g)(2)(C);

d.    $10,267.60 for the balance of dues checkoffs and PAC contributions due for the unaudited period January 1, 2005 through October 31, 2005, plus all additional dues checkoffs and PAC contributions found due and owing pursuant to an audit of defendant's books and records for the period January 1, 2005 through November 30, 2007;

e.    $3,382.52 for accrued prejudgment interest on the unremitted dues checkoffs and PAC contributions, computed from the date such contributions were due until the present, at the rate prescribed by New York C.P.L.R. § 5004;

f.    $390.00 for costs, pursuant to 29 U.S.C. § 1132(g)(2)(D);

g.    $9,758.75 for attorneys' fees as set forth above, pursuant to 29 U.S.C. § 1132(g)(2)(D); and

h.    for an Order directing defendant First Choice to permit and cooperate in the conduct of an audit of its books and records for the period January 1, 2005 through November 30, 2007, and to pay all additional fringe benefit contributions, dues checkoffs and PAC contributions found due and owing pursuant to said audit.

5

WHEREFORE, plaintiffs respectfully request this Court to enter judgment in their favor against defendant First Choice in the liquidated amount of $116,262.80 for delinquent fringe benefit contributions, dues checkoffs and PAC contributions, plus interest, liquidated damages, reasonable attorneys' fees and costs; and that this Court issue an Order directing defendant First Choice to permit and cooperate in the conduct of an audit of its books and records for the period January 1, 2005 through November 30, 2007; and that this Court issue an Order permitting plaintiffs to amend the judgment to include the additional amounts, if any, determined by the aforesaid audit to be due and owing, together with any additional interest and liquidated damages due, audit costs, and further attorneys' fees and costs upon fifteen (15) days written notice to defendant First Choice.

_____
Sally L. Schneider

Sworn to before me this
7th  day of August, 2008

_____
Notary Public

JOAN D. RUMM
Notary Public, State of New York
No. 01RU3400450
Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires Jan. 31, 20__

6

JUDGE MARRERO

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ **DISTRICT OF** _____ New York

TRUSTEES of the MASON TENDERS DISTRICT
COUNCIL WELFARE FUND, etc., et al.,

Plaintiffs,

v.

FIRST CHOICE CONSTRUCTION SERVICES, INC.,

Defendant.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   08 Civ 43337

08 CIV 43337

TO: (Name and address of defendant)

FIRST CHOICE CONSTRUCTION SERVICES, INC.
38-11 31st Street
Long Island City, New York  11101

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

PROSKAUER ROSE LLP
1585 Broadway
New York, New York  10036

an answer to the complaint which is served on you with this summons, within **twenty (20)** days after service of
this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action
must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON
CLERK

(BY) DEPUTY CLERK

DATE     MAY 0 8 2008

JUDGE MARRERO

PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York 10036
(212) 969-3803



'08 CIV 4333

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES of the MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND and
TRAINING PROGRAM FUND,

                                 Plaintiffs,

           - against -

FIRST CHOICE CONSTRUCTION SERVICES, INC.,

                                Defendant.
------------------------------------------------------------------X

**COMPLAINT**

       Plaintiffs, the Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund (collectively, the "Funds"), by and through their attorneys, Proskauer Rose LLP, as and for their Complaint, respectfully allege as follows:

<u>NATURE OF THE ACTION AND JURISDICTION</u>

       1.     This is a civil action brought, *inter alia*, pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145) (hereinafter referred to as "ERISA"), and section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by the Trustees of the Funds for injunctive and other equitable relief and for breach of contract. This Complaint alleges that by failing, refusing or neglecting to comply with specific statutory and contractual obligations, defendant violated its collective bargaining agreement, the respective trust agreements of the Funds (the "Trusts"), the Taft-Hartley Act and/or ERISA.

2.     Jurisdiction of this Court is invoked under the following statutes:

(a)     Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f));

(b)     Section 301 of the Taft-Hartley Act (29 U.S.C. § 185);

(c)     28 U.S.C. § 1331 (federal question);

(d)     28 U.S.C. § 1337 (civil actions arising under Act of Congress regulating commerce); and

(e)     principles of pendent jurisdiction.

3.     Venue properly lies in this district under section 502(e)(2) of ERISA (29 U.S.C. § 1132(e)(2)) and section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

## PARTIES

4.     Plaintiffs Trustees are the trustees of jointly-administered, multi-employer, labor-management trust funds established and maintained pursuant to various collective bargaining agreements in accordance with sections 302(c)(5) and (c)(6) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5), (c)(6)).  The Funds are employee benefit plans within the meaning of sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. §§ 1002(1), (2), (3) and 1132(d)(1)), and multi-employer plans within the meaning of sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145).  The purpose of the Funds is to provide various fringe benefits to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the Mason Tenders District Council of Greater New York (the "Union").  The Mason Tenders District Council Welfare Fund, as the authorized agent, also collects and remits the required monetary contributions due to the New York State Laborers-Employers Cooperation and Education Trust Fund ("NYSLECET"), the Greater New York Laborers-Employers Cooperation and Education Trust Fund ("GNYLECET"), the New York State Laborers Health and Safety Trust Fund ("NYSLHST") and the Industry Advancement Fund ("IAF"), and the dues checkoffs and Political Action Committee ("PAC") contributions due to the Union.  The Funds maintain their offices and are administered at 520 8th Avenue, New York, New York 10018, in the City, County and State of New York.

2

5.     The Trustees of the Funds are fiduciaries within the meaning of sections 3(21) and 502 of ERISA (29 U.S.C. §§ 1002(21) and 1132), and bring this action in their fiduciary capacity.

6.     Defendant First Choice Construction Services, Inc. ("First Choice") has been a for-profit domestic corporation doing business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and has been an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7.     Defendant First Choice was a member of non-party Environmental Contractors Association, Inc. (the "ECA"), the bargaining agent for its members for purposes of collective bargaining with the Union.

8.     The ECA executed a collective bargaining agreement with the Union covering the period December 1, 2003 through November 30, 2007 (the "Agreement"), with respect to which plaintiffs Funds are third-party beneficiaries.

9.     As a member of the ECA, defendant First Choice agreed to comply with and to be bound by all of the provisions of the Agreement.

## THE AGREEMENT AND TRUSTS

10.     Pursuant to the terms of the Agreement and the Trusts, defendant First Choice was required, *inter alia*, to:

    (a)     pay monetary contributions to the Funds and to the authorized agent of the NYSLECET, GNYLECET, NYSHST and IAF (the "fringe benefit contributions"), at the rates and times set forth in the Agreement, for all work performed by defendant's employees within the trade and geographic jurisdictions of the Union;

    (b)     submit contribution reports to the Funds;

    (c)     in the event defendant fails to timely pay fringe benefit contributions, defendant is obligated to pay interest from the date such delinquent contributions were due until the date of payment, and to pay all costs and attorneys' fees incurred by the Funds in the recovery thereof;

    (d)     deduct and remit Union dues checkoffs and PAC contributions (at the rates per hour specified by the Union), from the wages paid to employees who

authorize said deductions in writing, for all work performed by defendant's employees within the trade and geographic jurisdictions of the Union;

(e)  permit and cooperate with the Funds and/or their designated representatives in the conduct of audits of all books and records of defendant, including, without limitation, all payroll sheets, computer payroll printouts, daily time records, job location records, cash disbursement journals, State tax forms WRS-2, WT4A and 4B or NYS 45 (NY), and WR 30 (NJ), Federal tax forms W2, W3, 940, 941, 1096, 1099, 1120s/1120S and 1040 Schedule C, New York and New Jersey employment records and reports, insurance company reports, supporting checks, general ledgers, vouchers, verification of work outside the trade and/or geographic jurisdiction of the Union, evidence of unemployment insurance contributions, payroll tax deductions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll(s), as well as the same records of any affiliate, subsidiary, alter ego, joint venture, successor or other related company of defendant;

(f)  pay the costs of the audits if defendant is substantially delinquent in the payment of fringe benefit contributions to the Funds.  "Substantially delinquent" is defined as any delinquency in the payment of fringe benefit contributions in excess of 10% of the fringe benefit contributions paid to the Funds during the period covered by the audit; and

(g)  in the event defendant fails to produce the books and records necessary for an audit, defendant is obligated to pay a penalty of $400.00 and, if the Funds bring an action to obtain an audit, defendant is obligated to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing such action.

## REMEDIES FOR BREACH OF OBLIGATIONS TO THE FUNDS

11.    Pursuant to the terms of the Agreement, the Trusts and section 515 of ERISA (29 U.S.C. § 1145), employers are required to pay fringe benefit contributions to the Funds in accordance with the terms and conditions of the Agreement.

12.    Failure to make such payment or timely payment constitutes a violation of the Agreement, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

13.    The Agreement, the Trusts and section 502 of ERISA (29 U.S.C. § 1132) all provide that, upon a finding of an employer violation as set forth above, the Funds shall be awarded the unpaid fringe benefit contributions, plus interest and liquidated damages on the

4

unpaid and/or untimely paid fringe benefit contributions (both computed at the rate prescribed under section 6621 of Title 26 of the United States Code (26 U.S.C. § 6621)), together with reasonable attorneys' fees and costs of the action, and such other legal or equitable relief as the court deems appropriate.

## AS AND FOR A FIRST CLAIM FOR RELIEF
(CLAIM FOR FRINGE BENEFIT
CONTRIBUTIONS)

14.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15.     As a result of work performed pursuant to the Agreement by individual employees of defendant during the period January 1, 2005 through October 31, 2005, fringe benefit contributions in an amount no less than $134,876.25 (as determined from contribution reports submitted by defendant) became due and owing from defendant.

16.     Part of the aforesaid fringe benefit contributions contractually due has been recovered from the surety for defendant and the defendant's general contractor, although all fringe benefits contributions have been duly demanded from defendant. A balance of $60,106.91 remains due and owing.

17.     Defendant's failure to make payment or timely payment constitutes a violation of the Agreement, the Trusts and section 515 of ERISA (29 U.S.C. § 1145).

18.     Accordingly, pursuant to the Agreement, the Trusts, and section 502 of ERISA (29 U.S.C. § 1132), defendant First Choice is liable to plaintiffs Funds for: (a) the balance of fringe benefit contributions in the amount of $60,106.91, plus such additional fringe benefit contributions found due and owing pursuant to an audit of defendant's books and records for the period January 1, 2005 through November 30, 2007; and (b) the interest and liquidated damages on the unpaid and untimely paid fringe benefit contributions, together with reasonable attorneys' fees and costs incurred by the Funds.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (CLAIM FOR INTEREST DUE
### FOR LATE PAYMENTS)

19.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20.    Pursuant to the terms of the Agreement and the Trusts, as set forth in paragraph 10(c) above, in the event defendant fails to timely pay fringe benefit contributions, defendant is obligated to pay interest from the date such delinquent contributions were due until the date of payment, and to pay all costs and attorneys' fees incurred by the Funds in the recovery thereof.

21.    As a result of defendant's failure to timely pay fringe benefit contributions due for work performed pursuant to the Agreement during the months of January 2005 through August 2005 and part of September 2005, interest in the amount of $3,806.63 became due and owing from defendant.

22.    None of the aforesaid interest contractually due has been paid by defendant, although all interest has been duly demanded.

23.    Defendant's failure to make payment constitutes a violation of the Agreement and the Trusts.

24.    Accordingly, pursuant to the Agreement and the Trusts, defendant First Choice is liable to plaintiffs Funds for interest in the amount of $3,806.63 for late payments of fringe benefit contributions, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action.

## AS AND FOR A THIRD CLAIM FOR RELIEF
### (CLAIM FOR DUES CHECKOFFS
### AND PAC CONTRIBUTIONS)

25.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26.    As a result of work performed pursuant to the Agreement by individual employees of defendant during the period January 1, 2005 through October 31, 2005, dues checkoffs and PAC contributions in an amount no less than $22,085.00 (as determined from contribution reports submitted by defendant) became due and owing from defendant.

6

27.    Part of the aforesaid dues checkoffs and PAC contributions contractually due has been recovered from the surety for defendant and the defendant's general contractor, although all unremitted dues checkoffs and PAC contributions have been duly demanded from defendant. A balance of $10,267.60 remains due and owing.

28.    Defendant's failure to remit all such deductions constitutes a violation of the Agreement.

29.    Accordingly, pursuant to the Agreement and section 301 of the Taft-Hartley Act (29 U.S.C. § 185), defendant First Choice is liable for: (a) the balance of dues checkoffs and PAC contributions in the amount of $10,267.60, plus such additional dues checkoffs and PAC contributions found due and owing pursuant to an audit of defendant's books and records for the period January 1, 2005 through November 30, 2007; and (b) interest on the unremitted dues checkoffs and PAC contributions.

<u>AS AND FOR A FOURTH CLAIM FOR RELIEF</u>
(DEMAND FOR AN ORDER DIRECTING
DEFENDANT TO PERMIT AN AUDIT
AND TO PAY THE COSTS THEREOF)

30.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 29 of this Complaint, as if fully set forth herein.

31.    Pursuant to the terms of the Agreement and the Trusts, as set forth in paragraphs 10(e) and (f) above, defendant is required to permit and cooperate with the Funds and/or their designated representatives in the conduct of audits of all of defendant's books and records, and to pay the costs thereof if such audits confirm that defendant is substantially delinquent in the payment of fringe benefit contributions for such periods.

32.    Defendant has failed to cooperate and produce its books and records for an audit, despite due demand therefor.

33.    As a result of defendant's aforesaid failure to make payment and its failure to cooperate and permit an audit, the Funds have reason to believe that additional fringe benefit contributions are due and owing.

34.     Defendant's failure to cooperate and permit an audit constitutes a violation of the Agreement and the Trusts.

35.     Accordingly, pursuant to the Agreement and the Trusts, plaintiffs demand an Order directing defendant First Choice to permit and cooperate in the conduct of an audit and produce all of its books and records for the period January 1, 2005 through November 30, 2007, and to pay the costs thereof if such audit confirms that defendant is substantially delinquent in the payment of fringe benefit contributions for such period.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (CLAIM FOR DAMAGES)

36.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 35 of this Complaint, as if fully set forth herein.

37.     Pursuant to the terms of the Agreement and the Trusts, as set forth in paragraph 10(g) above, defendant First Choice is obligated to pay a penalty and to pay the reasonable costs and attorneys' fees incurred by the Funds in bringing this action if defendant fails to produce the books and records necessary for an audit.

38.     Defendant has failed to cooperate and produce its books and records for an audit, although all such books and records have been duly demanded.

39.     Defendant's failure to cooperate and produce its books and records for an audit constitutes a violation of the Agreement and the Trusts.

40.     Accordingly, pursuant to the Agreement and the Trusts, defendant is liable to plaintiffs Funds in the amount of $400.00, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action.

WHEREFORE, plaintiffs Funds demand judgment against defendant First Choice:

(a)     for payment of all past due fringe benefit contributions in the amount of $60,106.91, plus all additional fringe benefit contributions found due and owing pursuant to an audit of defendant's books and records for the period January 1, 2005 through November 30, 2007;

(b)    for accrued prejudgment interest in the amount of $3,806.63 due for late payments of fringe benefit contributions, plus the reasonable costs and attorneys' fees incurred by the Funds, pursuant to the Agreement and the Trusts;

(c)    for accrued prejudgment interest on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(d)    for liquidated damages on all fringe benefit contributions due pursuant to § 502(g)(2) of ERISA;

(e)    for reasonable attorneys' fees and costs pursuant to § 502(g)(2) of ERISA;

(f)    for remittance of dues checkoffs and PAC contributions in the amount of $10,267.60, plus all additional dues checkoffs and PAC contributions found due and owing pursuant to an audit of defendant's books and records for the period January 1, 2005 through November 30, 2007, with interest;

(g)    for an Order requiring defendant to permit and cooperate in the conduct of an audit of all of its books and records for the period January 1, 2005 through November 30, 2007, and to pay the costs thereof if such audit confirms that defendant is substantially delinquent in the payment of fringe benefit contributions for such period;

(h)    for payment of $400.00 for failure to produce its books and records for an audit, plus the reasonable costs and attorneys' fees incurred by the Funds in bringing this action, pursuant to the Agreement and the Trusts; and

(i)    for such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 7, 2008

                                    PROSKAUER ROSE LLP
                                    Attorneys for Plaintiffs

                                    By: _Sally L. Schneider_
                                        Sally L. Schneider
                                    1585 Broadway
                                    New York, New York 10036
                                    (212) 969-3803

                                    sschneider@proskauer.com

9

 **Demovsky Lawyer Service**

Premier Nationwide Document Retrieval
and Process Service Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
TRUSTEES OF THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND, etc., et al.,

        Plaintiff(s),

    -against-                             AFFIDAVIT OF SERVICE
                                               08 Civ. 4333(VM)

FIRST CHOICE CONSTRUCTION SERVICES, INC.,

        Defendant(s).
-------------------------------------------------------X
STATE OF NEW YORK    )
                    S.S.:
COUNTY OF ALBANY    )

        DEBORAH LaPOINTE, being duly sworn, deposes and says that she is over the age of

eighteen years, is employed by the attorney service, D.L.S., INC., and is not a party to this action.

        That on the 13TH day of May, 2008, at approximately the time of 1:00P.M., at the office

of the Secretary of State, of the State of New York in the City of Albany, New York, deponent served the

SUMMONS AND COMPLAINT AND INDIVIDUAL PRACTICES OF JUDGE MARRERO,

USDC/SDNY 3RD AMENDED INSTRUCTIONS FOR FILING AN ELECTRONIC CASE OR APPEAL

AND GUIDELINES FOR ELECTRONIC CASE FILING AND PROCEDURES FOR ELECTRONIC

CASE FILING upon FIRST CHOICE CONSTRUCTION SERVICES, INC., the defendant in this action,

by delivering to and leaving with DONNA CHRISTIE an agent of the Secretary of State, of the State of

New York, two (2) true copies thereof and at that time of making such service deponent paid said

Secretary of State a fee of forty dollars. That said service was made pursuant to Section, 306, Business

Corporation Law.

        Deponent further says that she knew the person so served as aforesaid to be the individual

in the Office of the Secretary of State of New York, duly authorized to accept such service on behalf of

said defendant.

D.L.S., Inc.
100 State St.
Ste 220
Albany, NY 12207
800-443-1058
www.dlsny.com



## Demovsky Lawyer Service

Premier Nationwide Document Retrieval
and Process Service Company

DONNA CHRISTIE is a white female, approximately 45 years of age, stands

approximately 5 feet 4 inches tall, weighs approximately 145 pounds with blonde hair and blue eyes.

DEBORAH LaPOINTE
Sworn to before me this
13TH day of May, 2008

NOTARY PUBLIC

Frank J. Panucci
Notary Public-State of NY
Qualified in Albany Co.
No. 4733728
Comm. Expires July 31, 2010

D.L.S., Inc.
100 State St.
Ste 220
Albany, NY 12207
800-443-1058
www.dlsny.com

PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York 10036
(212) 969-3803

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES of the MASON TENDERS             :
DISTRICT COUNCIL WELFARE FUND,            :
PENSION FUND, ANNUITY FUND and            :      08 Civ. 4333 (VM)
TRAINING PROGRAM FUND,                    :
                                          :
                        Plaintiffs,       :
                                          :
            - against -                   :      **STATEMENT OF DAMAGES**
                                          :
FIRST CHOICE CONSTRUCTION SERVICES, INC., :
                                          :
                        Defendant.        :
-------------------------------------------------------------------X

| | | |
|---|---|---:|
| Principal amount of fringe benefit contributions | $ | 60,106.91 |
| Interest due on delinquent contributions<br>(29 U.S.C. § 1132(g)(2)(B)) | $ | 16,178.51 |
| Liquidated damages due on contributions<br>(29 U.S.C. § 1132(g)(2)(C)) | $ | 16,178.51 |
| Principal amount of dues checkoffs and<br>PAC contributions owed | $ | 10,267.60 |
| Interest due on dues checkoffs and PAC contributions<br>(New York C.P.L.R. § 5004) | $ | 3,382.52 |

| | | |
|---|---|---|
| Costs | $ | 390.00 |
| (29 U.S.C. §1132(g)(2)(D)) | | |
| | | |
| Attorneys' fees | $ | 9,076.25 |
| (29 U.S.C. §1132(g)(2)(D)) | | |

TOTAL AMOUNT SOUGHT ON DEFAULT:    $   126,197.72

Dated:   New York, New York
           August 7, 2008

                        PROSKAUER ROSE LLP
                        Attorneys for Plaintiffs

                        By: /s/ Sally L. Schneider
                           Sally L. Schneider
                        1585 Broadway
                        New York, New York 10036
                        (212) 969-3803

                        sschneider@proskauer.com

CLIENT:  MASON TENDERS FUNDS
MATTER:  FIRST CHOICE CONSTRUCTION SERVICES, INC.
FILE #:  50528.183

| DATE | DESCRIPTION | ATTORNEY | HOURS | FEES |
|------|-------------|----------|-------|------|
| 02/03/06 | Review/analyze shop steward reports re post-audit amounts owed; calculate all amounts owed & interest due; prepare proof of claim against surety bond & exhibits | S SCHNEIDER | 3.25 | 1218.75 |
| 02/06/06 | Prepare correspondence to Funds/Virga forwarding proof of claim against surety for execution | S SCHNEIDER | .25 | 93.75 |
| 02/14/06 | Finalize proof of claim and exhibits against surety bond; prepare correspondence to surety/Nova re demand for payment of bond w/ proof of claim and exhibits and copy of bond | S SCHNEIDER | .75 | 281.25 |
| 03/02/06 | Review/analyze correspondence from surety/Joyce re demand for payment of bond; telephone conference with Joyce re proof of claim | S SCHNEIDER | .25 | 93.75 |
| 03/03/06 | Prepare correspondence to surety/Joyce w/additional copies of bond, proof of claim & supporting exhibits | S SCHNEIDER | .25 | 93.75 |
| 04/06/06 | Telephone conference with surety/Joyce re employer remittance reports & partial payment from GC, all amounts still owed, claim against bond & demand for payment of bond | S SCHNEIDER | .50 | 187.50 |
| 05/08/06 | Telephone conference with surety/Joyce re payment of bond | S SCHNEIDER | .25 | 93.75 |
| 05/15/06 | Telephone conference with attorney for surety/Connelly re payment of bond & release & partial assignment | S SCHNEIDER | .25 | 93.75 |

REDACTED

```
CLIENT:  MASON TENDERS FUNDS
MATTER:  FIRST CHOICE CONSTRUCTION SERVICES, INC.
FILE #:  50528.183
PAGE:      2
```

| DATE | DESCRIPTION | ATTORNEY | HOURS | FEES |
|------|-------------|----------|-------|------|
| 05/16/06 | Review correspondence from attorney for surety/Connelly w/check from surety in payment of bond claim; draft release & partial assignment from Funds to surety; e-mail to Connelly w/attached draft release & partial assignment | S SCHNEIDER | .75 | 281.25 |
| 05/16/06 | Prepare correspondence to Funds/Virga forwarding surety's check, copy of release & partial assignment from Funds to surety for execution | S SCHNEIDER | .25 | 93.75 |
| 05/26/06 | Prepare correspondence to surety's attorney/Connelly w/executed release & partial assignment from Funds to surety | S SCHNEIDER | .25 | 93.75 |
| 05/06/08 | Review/analyze client documents re balances owed, etc.; telephone conference with Funds/Caruana & review fax from Caruana w/additional information | S SCHNEIDER | 1.00 | 395.00 |
| 05/06/08 | Draft complaint | S SCHNEIDER | 2.75 | 1086.25 |
| 05/07/08 | Finalize complaint | S SCHNEIDER | .75 | 296.25 |
| 05/07/08 | Prepare summons, civil cover sheet & Rule 7.1 disclosure statement | S SCHNEIDER | .50 | 197.50 |
| 05/07/08 | Prepare memo to Cooper re filing w/Court w/summons, complaint, Rule 7.1 Disclosure Statement & civil cover sheet | S SCHNEIDER | .25 | 98.75 |
| 05/08/08 | Conv w/MCooper re: Commenced action at Court, organized documents, opened docket, and entered the information onto the docket. | A HEALY | 1.00 | 160.00 |

REDACTED

```
CLIENT:  MASON TENDERS FUNDS
MATTER:  FIRST CHOICE CONSTRUCTION SERVICES, INC.
FILE #:  50528.183
PAGE:      3
```

| DATE | DESCRIPTION | ATTORNEY | HOURS | FEES |
|------|-------------|----------|-------|------|
| 05/09/08 | Convert complaint & Rule 7.1 disclosure statement to PDF files & e-mail same to court clerk per ECF rules | S SCHNEIDER | .25 | 98.75 |
| 05/09/08 | Prepare correspondence to judge/Marrero w/courtesy copies of summons, complaint & Rule 7.1 disclosure statement per judge's rules | S SCHNEIDER | .25 | 98.75 |
| 05/12/08 | Prepare correspondence to process server/LaPointe re service w/copies of summons, complaint, judge's rules, & ECF instructions, guidelines & procedures | S SCHNEIDER | .25 | 98.75 |
| 05/19/08 | Review/analyze affidavit of service; convert affidavit to PDF file & electronically file same w/Court per ECF rules; prepare memo to Cooper w/original summons & affidavit of service for manual filing w/Court per court rules | S SCHNEIDER | .50 | 197.50 |
| 05/20/08 | Filing affidavit of service at sdny. | A LOPEZ | 1.00 | 160.00 |
| 07/21/08 | Review/analyze Court Order; prepare correspondence to judge/Marrero in response to Court's Order re case status, motion for default judgment | S SCHNEIDER | .25 | 98.75 |
| 07/22/08 | Draft attorney affidavit in support of motion for default judgment | S SCHNEIDER | 2.00 | 790.00 |
| 07/22/08 | Draft Bolger affidavit in support of motion for default judgment | S SCHNEIDER | 1.25 | 493.75 |
| 07/22/08 | Draft Giammona affidavit in support of motion for default judgment | S SCHNEIDER | 2.75 | 1086.25 |

REDACTED

```
CLIENT:  MASON TENDERS FUNDS
MATTER:  FIRST CHOICE CONSTRUCTION SERVICES, INC.
FILE #:  50528.183
PAGE:    4
```

| DATE | DESCRIPTION | ATTORNEY | HOURS | FEES |
|------|------------|----------|-------|------|
| 07/23/08 | Telephone conference with Bolger re draft affidavit, etc. | S SCHNEIDER | .25 | 98.75 |
| 07/23/08 | Review/analyze client documents re chronology of demands, payments, etc. | S SCHNEIDER | 1.00 | 395.00 |
| 07/23/08 | Revise/edit Giammona affidavit in support of motion for default judgment | S SCHNEIDER | 1.75 | 691.25 |
| 07/23/08 | Revise/edit attorney affidavit in support of motion for default judgment; draft proposed default judgment; draft clerk's certificate of default; draft notice of motion for default | S SCHNEIDER | .75 | 296.25 |
| 07/31/08 | Draft statement of damages for motion for default judgment; revise/edit proposed default judgment | S SCHNEIDER | .75 | 296.25 |

TIME AND FEE SUMMARY

| Attorney | Hours | Rate | Total |
|----------|-------|------|-------|
| SALLY L. SCHNEIDER | 7.00 | 375.00 | $ 2,625.00 |
|  | 17.25 | 395.00 | $ 6,813.75 |
| Total for Attorney | 24.25 |  | $ 9,438.75 |

| Managing Clerks | | | |
|----------|-------|------|-------|
| ALLEN F. HEALY | 1.00 | 160.00 | $   160.00 |
| ANTHONY LOPEZ | 1.00 | 160.00 | $   160.00 |
| Total for Managing Clerks | 2.00 |  | $   320.00 |
| MATTER TOTAL: | 26.25 |  | $ 9,758.75 |

REDACTED

PROSKAUER ROSE LLP
Sally L. Schneider
1585 Broadway
New York, New York 10036
(212) 969-3803

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRUSTEES of the MASON TENDERS          :
DISTRICT COUNCIL WELFARE FUND,         :
PENSION FUND, ANNUITY FUND and         :     08 Civ. 4333 (VM)
TRAINING PROGRAM FUND,                 :
                                       :
                          Plaintiffs,  :
                                       :
            - against -                :     **DEFAULT JUDGMENT**
                                       :
FIRST CHOICE CONSTRUCTION SERVICES, INC.,  :
                                       :
                          Defendant.   :
-------------------------------------------------------------------X

    This action having been commenced by the filing of a summons and complaint on May 8, 2008, and true copies of the summons and complaint having been served upon defendant First Choice Construction Services, Inc. on May 13, 2008 by Deborah LaPointe, a licensed process server, by service upon Donna Christie, an agent of the Secretary of State of the State of New York, pursuant to section 306 of the Business Corporation Law of the State of New York, and proof of service having been filed with the Court on May 19, 2008, and said defendant having failed to answer, appear or otherwise defend in this action within the time permitted by law, there is no just reason to delay the entry of a judgment by default against defendant First Choice Construction Services, Inc.

    NOW, on motion of Proskauer Rose LLP, attorneys for plaintiffs, by Sally L. Schneider, Esq., it is

    **ORDERED AND ADJUDGED**, that plaintiffs Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund and Training Program Fund ("Funds") have judgment against defendant First Choice Construction Services, Inc. in the liquidated amount of $116,262.80 for

delinquent fringe benefit contributions, dues checkoffs and Political Action Committee ("PAC") contributions, plus interest, liquidated damages, reasonable attorneys' fees and costs; and it is

**ORDERED AND DECREED**, that defendant First Choice Construction Services, Inc. permit and cooperate in the conduct of an audit of its books and records including, but not limited to, all payrolls and payroll sheets, payroll ledgers, computer payroll printouts, daily time records, job location records, Federal tax forms W2, W3, 940, 941, 1096, 1099, 1120s/1120S, 1065 or 1040 Schedule C, State payroll tax forms WRS-2 or NYS-45 (NY) and WR30 (NJ), cash disbursement journals, purchase journals, New York and New Jersey employment records and reports, insurance company reports, supporting checks, general ledgers, ledgers, vouchers, verification of work outside the geographic jurisdiction of the Mason Tenders District Council of Greater New York ("Union"), evidence of unemployment insurance contributions, disability insurance premiums, certification of workers compensation coverage, and any other items concerning payroll, as well as the same records of any affiliate, subsidiary, alter ego, joint venture or other related company of defendant doing bargaining unit work, for the period January 1, 2005 through November 30, 2007, by representatives of the Funds, within thirty (30) days after service of a copy of this judgment, pursuant to the Collective Bargaining Agreement between defendant and the Union and the Funds' trust agreements, for the purpose of ascertaining and verifying the amount of additional fringe benefit contributions, dues checkoffs and PAC contributions, if any, due and owing to plaintiffs; and it is

**ORDERED AND ADJUDGED**, that plaintiffs may amend this judgment to include the additional amounts determined to be due and owing by the aforesaid audit of defendant's books and records, together with any additional interest and liquidated damages due, audit costs, and further attorneys' fees and costs upon fifteen (15) days written notice to defendant First Choice Construction Services, Inc.

Dated:   New York, New York
                 _____, 2008

_____
                 Hon. Victor Marreo,
            United States District Judge

2